UNITED STATES DISTRICT COURT
FOR THE FIRST DISTRICT OF MASSACHUSETTS

FILED
2004 OCT 21 P 3:09
U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action No.: _____

04 12207 GAO

| | |
|---|---|
| William J. Gavin, Plaintiff | |
| v. | MAGISTRATE JUDGE Alexander RECEIPT # _____ AMOUNT $ 60 SUMMONS ISSUED YES LOCAL RULE 4.1 ___ WAIVER FORM ___ MCF ISSUED ___ BY DPTY. CLK. ___ 10/21/04 |
| Bull Information Systems, Inc., Defendant | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff William J. Gavin, by and through his attorney, alleges and avers as follows:

### NATURE OF THE ACTION

This is an action for damages under the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1001, et seq. It seeks to recover damages flowing from the denial of certain enumerated benefits to the plaintiff because of plaintiff's misclassification as "independent contractor" rather than an employee.

### THE PARTIES

1. Plaintiff William J. Gavin, (hereinafter "Gavin") resides at 268 Orchard St., Millis, Massachusetts and was hired by the defendant corporation as a graphic artist from 1979 through November, 2001.

2. For 22 years, in violation of its fiduciary obligations, Defendant Bull Information Systems, Inc., (hereinafter "Bull"), knowingly and intentionally defrauded the plaintiff into believing that he was not entitled to certain benefits and protections including, but not limited to, those afforded by ERISA on the grounds that he was not a common law employee. Defendant Bull has been and is the named fiduciary and statutory Administrator of a Health and

1

Welfare Plan, which provides beneficiaries with a variety of health and welfare benefits including medical care, prescription drug, dental, and vision coverage, life insurance, and short-term and long-term disability and accidental death and dismemberment coverages, and to that extent is a welfare benefits plan governed by ERISA. Defendant Bull had exercised discretion and control over the administration and management of a pension plan and the 401(k) Savings Plan. Bull thus has been and is a fiduciary, within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to these plans as well. As the named fiduciary and statutory plan Administrator the Health and Welfare Plan, and as a fiduciary of the Pension Plan and 401(k) Savings Plan, Bull has strict fiduciary duties to act with undivided loyalty; to act solely in the interest of the participants and beneficiaries of the Plans; to follow and implement the terms of the Plans as written; and to otherwise comply with the law.

**JURISDICTION AND VENUE**

3. The claims asserted herein arise under and pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., and Massachusetts General Law Chapter 149, Section 148. This Court has jurisdiction of this action pursuant to 29 U.S.C. 1132(f), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331 and § 1367.

4. Venue is proper in this district under 29 U.S.C. § 1132(e)(2), in that the breaches of duty and violations alleged herein occurred in this district. Also, the plaintiff resides in this district, and the defendant does business and maintains a principal place of business in this district.

**FACTUAL ALLEGATIONS**

5. Bull promotes itself on its web-site as "a designer and developer of servers and software for an open environment, integrating the most advanced technologies. It brings to its customers its expertise and know-how to help

them in the transformation of their information systems and to optimize their IT infrastructure and their applications."

6. On or about 1979, Bull hired Plaintiff William J. Gavin as graphic artist. He was hired to perform the same tasks as Bull's direct employees but was mischaracterized as an "independent contractor" instead of being accurately identified as an employee. Upon information and belief, Bull intentionally did this to avoid the significant financial costs of providing Gavin with benefits to which he was entitled and to mislead him into believing that the Bull lawfully could exclude him from employee status and participation in their valuable benefits programs.

7. Bull treated Gavin in the same fashion as workers that Bull properly classified as employees – he performed the same job duties, was subject to the same employer supervision over his work product, and was subject to the same employer control over the manner and means in which his work was performed.

8. Bull provided Gavin with the same templates, tools, materials, and equipment as it provided those classified as employees.

9. Gavin performed work for Bull on Bull's premises. Gavin had an office on Bull's premises similar to the offices of those classified as employees.

10. Gavin had a Bull e-mail address (BGavin@Bull.com), which was indistinguishable from the addresses of those classified as employees.

11. Gavin appeared on Bull's organizational chart, with no designator a freelancer or an independent contractor.

12. Gavin worked the same schedule as those classified as employees.

13. Gavin worked in the same workgroup with individuals classified as employees.

14. Gavin attended the same parties, kick-offs, and other company functions as those classified as employees.

15. Bull paid for Gavin's lodging accommodations when he attended a company function requiring overnight stays.

16. Gavin took work from the same pool of pending work and in the same manner and sequence as those classified as employees.
17. Bull maintained the right to assign additional work and projects to the plaintiff.
18. The work which Gavin performed was important to the success and/or continuation of Bull's business.
19. The work which the Gavin performed was part of the Bull's regular business.
20. Gavin was subject to the same restrictions and procedures relative to calling in sick and coming in late as those classified as employees.
21. Gavin was required to coordinate his vacation with his co-workers, just as was required of properly classified Bull employees. However, unlike his employee co-workers, Gavin was not paid for vacation and other forms of leave.
22. The de minimus work that Gavin did for other companies was done outside of his normal work hours for Bull.
23. Gavin performed services for Bull on a full-time basis.
24. Gavin personally rendered services for Bull and did not contract out or substitute another's services for his own.
25. The work relationship between Gavin and Bull continued for approximately twenty-two (22) years.
26. Bull paid Gavin for work performed, without regard to Bull's profit or loss which may have resulted from such work.
27. Gavin received "on the job training" while working for Bull.
28. Gavin was supervised by Bull's managerial staff. These managers controlled the means and manner of his work and production. All work Gavin performed was ordered Bull's Art Director, who established and controlled the order of work.
29. Gavin was required to work at Bull's facility, according to a schedule that was indistinguishable from the schedules followed by other employees.
30. Gavin was required to work the same regular working hours as his properly classified employee co-workers, and was paid based on the time he actually expended -- i.e., by the hour, not by the completion of specific projects.

31. Gavin submitted time sheets to the defendant to account for his work time.
32. Gavin did not negotiate his rate of pay. Instead, Bull determined his salary and provided periodic increases in wages, just as it did for workers who were properly classified as employees.
33. Bull has maintained valuable compensation and benefit plans, agreements and programs that were available to persons who were classified by the company as "employees" who worked the specified number of hours for particular periods of time, as stated in the respective benefit plans, agreements and programs. These plans and programs include a pension plan, a savings/40l(k) plan, health benefit plans (including medical, prescription drug, dental and vision benefits plans), flexible spending accounts (to pay dependent care and health care on a pre-tax basis), life insurance plans, short-term and long-term disability plans, accidental death and dismemberment plans, business travel accident plans, legal services plans, employee assistance programs (free counseling service for employees and their families with personal or workplace problems), and access to a family care network (a referral service to assist in researching and obtaining child and/or elder care). Furthermore, Bull has provided its employees with additional non-ERISA compensation programs, plans, rights, and benefits, including but not limited to paid vacation, holidays, sick leave, personal time off, and maternity leave, as well as other types of paid leave, and severance benefits.
34. Gavin has been wrongfully excluded from participating in the foregoing benefit and compensation plans and programs due to the Bull's wrongful misclassification of him as a non-employee and Bull's discrimination against him to interfere with his attainment of rights under the Plans.
35. Gavin was, in fact, an employee of Bull under the common law, ERISA's definition of "employee" at 29 U.S.C. § 1002(6), and other applicable statutory criteria, and was were thereby entitled to participation and other rights in Bull's benefit and compensation plans, programs and agreements to the extent that said plans, programs and agreements did not otherwise

expressly and permissibly exclude persons in Gavin's position and he met the other eligibility requirements specified in the benefit plans, programs and agreements, including number of hours worked and length of employment. Gavin is also entitled to participation and other rights in the non-ERISA benefits and compensation programs provided to employees, including profit-sharing bonuses, paid vacation, holidays, time off sick leave, and severance benefits, to the extent that each plan, program and agreement did not otherwise specifically and permissibly exclude persons his position and he met the other eligibility requirements specified in each benefit plan or compensation program.

36. Gavin has been injured and damaged by Bull's wrongful exclusion of him and discrimination against him from participating in these ERISA and non-ERISA benefits and compensation plans, programs and agreements.

37. Gavin's employment was terminated on or about November 2001.

## COUNT I
## BREACH OF FIDUCIARY DUTY

38. Plaintiff re-alleges and incorporates herein by reference the allegations of Paragraphs 1 through 37 of this Complaint, inclusive.

39. At all pertinent times, Bull and its predecessors-in-interest acted as either the statutory Administrator, named fiduciary, and/or fiduciary of the Pension Plan, 401(k) Savings Plan, and/or the Health and Welfare Plan. In these capacities, the conduct of each defendant was governed by the strict fiduciary duties of Section 404(a) of ERISA, 29 U.S.C. § 1104(a). These fiduciary duties include the duty to act solely in the interest of plan participants and beneficiaries, to act with utmost loyalty to them, to administer the plans in accordance with the terms of the written plan documents, to disclose truthful information about the plans, and to identify and enroll all persons who are entitled to participate in each plan.

40. Bull willfully violated these strict ERISA fiduciary duties on a continuing basis by (1) failing to review the true facts applicable to Gavin's entitlements under

6

the plans and to correct or prevent the Gavin's exclusion from the plans; (2) failing to distribute to Gavin documents relating to the plans which he was entitled to receive under ERISA and by otherwise misleading and concealing from him the facts showing that he was entitled to participate in the plans; and (3) making continuing misrepresentations that persons who were classified as "freelancers" and "independent contractors" were not entitled to participate in the plans when in fact Gavin was entitled to participate in the plans. This conduct harmed Gavin. Bull thereby committed a continuing violation of ERISA § 404(a) of ERTSA, 29 U.S.C. § 1104(a), and is liable for all losses that the violation caused.

## COUNT II
## UNLAWFUL INTERFERENCE WITH ATTAINMENT OF ERISA BENEFITS

41. Plaintiff re-alleges and incorporates herein by reference the allegations of Paragraphs 1 through 40 of this Complaint, inclusive.
42. Under the terms of the ERISA Plans, as an employee, Gavin was qualified to be a participant of the Plans.
43. Bull willfully failed to furnish Gavin with information required by ERISA regarding plans and benefits including, by way of illustration and not by way of limitation, information described in 29 U.S.C. § 1024(b)(3), 29 U.S.C. § 1025(a) and (c), and 29 U.S.C. 1022.
44. By reason of the conduct alleged, on a continuing basis, Bull took specific actions to discriminate against Gavin for the purpose of interfering with his attainment of the right to participate in and receive benefits under the Plans. Bull acted with the specific and willful intent to interfere with Gavin's right to Plan participation and benefits. Bull thereby committed a continuing violation of ERISA § 510, 29 U.S.C. § 1140, and is liable for all losses that this continuing violation caused to Gavin.

## COUNT III
## STATE LAW CLAIMS REGARDING NON-ERISA BENEFITS

45. Plaintiff re-alleges and incorporates herein by reference the allegations of Paragraphs 1 through 44 of this Complaint, inclusive.

46. Gavin was, at all times relevant, for the purposes of G.L. c. 149, an employee.

47. As a result of Bull's unlawful misclassification of Gavin as a "freelancer" or "independent contractor," Bull denied Gavin participation in the non-ERISA benefit and compensation plans, agreements and programs that were available to Bull employees, including but not limited to vacation pay. This conduct constituted a willful violation of the Massachusetts Wage Law, G.L. c. 149 § 148, breach of contract, violation of the implied covenant of good faith and fair dealing, unjust enrichment, and negligent and/or intentional misrepresentation. Bull's conduct harmed Gavin by depriving him of non-ERISA benefits programs to he was entitled. Bull is therefore liable for all losses that this violation caused to Gavin.

## COUNT IV
## VIOLATION OF THE FEDERAL INSURANCE CONTRIBUTIONS ACT, 26 U.S.C. §3101, ET SEQ., AND FEDERAL UNEMPLOYMENT TAX ACT, 26 U.S.C. § 3301, ET SEQ., UNJUST ENRICHMENT AND CONVERSION

48. Plaintiff re-alleges and incorporates herein by reference the allegations of Paragraphs 1 through 47 of this Complaint, inclusive.

49. As a result of Bull's wrongful and willful misclassification of Gavin as a "freelancer" or "independent contractor" and not as an employee, Gavin has been forced to make payments for federal taxes that should have been paid by Bull as his employer.

50. Bull's willful failure to make the appropriate tax payments for Gavin constitutes a violation of the Federal Insurance Contribution Act and the Federal Unemployment Tax Act. Defendant Bull also was unjustly enriched and unlawfully converted property and money belonging to Gavin.

51. As a result of Bull's violations of the Federal Insurance Contribution Act and the Federal Unemployment Tax Act, unjust enrichment, and conversion, Gavin has suffered damages.

## COUNT V
## CONDITIONAL CLAIM FOR RETROACTIVE BENEFITS UNDER ERISA PLANS

52. Plaintiff re-alleges and incorporates herein by reference the allegations of Paragraphs 1 through 51 of this Complaint, inclusive.
53. This Conditional Count is pleaded hypothetically pursuant to Fed. R. Civ. P. 8(e)(2). Gavin would assert and pursue this Conditional Count only if the Court were to determine he is entitled to retroactively obtain actual benefits under the ERISA plans, despite the fact that he was wrongfully excluded from the plans, he never actually became a participant in the plans due to defendant's violations, he can no longer become a participant in the plans because he no longer works for Bull.
54. Bull's Pension Plan, 401(k) Savings Plan, and Health and Welfare Plan are benefit plans governed by ERISA.
55. As a result of his employment with the Bull, Gavin was eligible to receive benefits from Bull's Pension Plan, 401(k) Savings Plan, and Health and Welfare Plan.
56. Bull's continuing willful and unlawful misclassification of Gavin had the effect of denying him benefits to which he otherwise would have been entitled to under these Plans.
57. Bull falsely told Gavin that he was not eligible to receive benefits from the Plans. In so doing, Bull was acting as administrators and fiduciaries of the Plans.

58. Bull never allowed Gavin to apply for benefits under the Plans, and the Plans did not provide to workers who were willfully misclassified any administrative procedures for challenging the denial of benefits under the Plans.

59. Further, any attempt by Gavin to obtain relief by recourse to administrative procedures was futile, as demonstrated by Bull's refusal to grant relief and continuing practice of excluding Gavin from participating in the Plans and Bull's continuing conduct to mislead Gavin into believing that Bull lawfully could exclude him from these Plans.

60. If Gavin is entitled to recover actual benefits under these Plans in which he never became a participant, then pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), he is entitled to payment of all back benefits that were wrongly denied to him.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff William J. Gavin prays as follows:

A. That the Court declare, adjudge and decree that Defendant Bull violated the strict duties, responsibilities, and obligations imposed on it by Sections 404 and 510 of ERISA, 29 U.S.C. §§ 1104 and 1140, that Defendant Bull violated state law with respect to the non-ERISA benefits, and that Defendant Bull violated the Federal Insurance Contributions Act and the Federal Unemployment Tax Act and is guilty of unjust enrichment and conversion;

B. That the Court compel the defendant to make restitution to the plaintiff in an amount equal to the greater of (a) the value of participation in the benefits plans from which they were wrongfully excluded, or (b) the amount of financial advantage gained by defendants as a result of their violations, and also enjoin defendants to identify and enroll in Plaintiff William J. Gavin in the ERISA plans;

C. That the Court award compensatory, liquidated and punitive damages to the plaintiff based on defendant's willful violation of the Massachusetts Wage Law and other state laws with respect to non-ERISA benefits and programs;

D. That the Court award compensatory and punitive damages to the plaintiff based on defendant's violation of the Federal Insurance Contributions Act and Federal Unemployment Tax Act, and its unjust enrichment and conversion due to defendant's willful non-payment of required FICA and FUTA contributions;

E. That the Court enter injunctive relief to ensure that defendant's violations are remedied and that appropriate procedures are established to prevent any further misclassification and exclusion of employees from benefits programs;

F. That the Court award the plaintiff reasonable costs and expenses, pre-and post-judgment interest, and attorneys' fees; and

G. That the Court grant such other relief as may be just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial of all issues so triable in this case.

William J. Gavin,
Plaintiff
By his Attorney,

HOWARD I WILGOREN,
179 Union Avenue
Framingham, MA 01702
(508) 626-8600
BBO No. 527840

Dated: October 20, 2004

11