**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **WILLIAM J. GAVIN,**<br><br>**Plaintiff,**<br>v.<br><br>**BULL HN INFORMATION SYSTEMS INC.**<br><br>**Defendant.** | **C.A. No. 04cv12207GAO** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

The defendant Bull HN Information Systems Inc. ("defendant") answers plaintiff's complaint in this matter as follows:

**NATURE OF THE ACTION**

The paragraph of plaintiff's complaint entitled "Nature of the Action" consists of an introductory statement to which no response is necessary. To the extent that this paragraph contains allegations of fact, such allegations are denied.

**THE PARTIES**

1. Defendant is without knowledge or information as to plaintiff's current residential address. Defendant admits that plaintiff provided certain graphic arts services for defendant from 1979 through November, 2001. Defendant denies that plaintiff was "hired" by defendant.

2. Defendant admits that it is the named fiduciary and Plan Sponsor of different health and welfare plans and of other employee benefit plans, in each case for defendant's employees as such term is defined in the applicable plans. Defendant denies the remaining allegations contained in paragraph 2 of plaintiff's complaint. The final two sentences of paragraph 2 of

plaintiff's complaint contain statements of law to which no response is required. To the extent those sentences do contain allegations of fact, such allegations are denied.

**JURISDICTION AND VENUE**

3. Defendant admits that this court has jurisdiction over this matter.

4. Defendant admits that venue is proper in the District of Massachusetts, and that defendant does business in said district. Defendant denies that it violated any laws as alleged in paragraph 4 of plaintiff's complaint.

**FACTUAL ALLEGATIONS**

5. Defendant admits the allegations contained in paragraph 5 of plaintiff's complaint.

6. Defendant admits that in or about 1979 plaintiff began to provide certain services for defendant. Defendant denies the remaining allegations contained in paragraph 6 of the complaint.

7. Defendant denies the allegations contained in paragraph 7 of the complaint.

8. Defendant admits that plaintiff was supplied with certain tools, materials and equipment in the performance of his duties for defendant. Defendant denies the remaining allegations set forth in paragraph 8 of plaintiff's complaint.

9. Defendant admits that plaintiff performed some of his work for defendant on defendant's premises, and that plaintiff had an office on defendant's premises. Defendant denies the remaining allegations contained in paragraph 9 of plaintiff's complaint.

10. Defendant admits that plaintiff had an e-mail address (Bgavin@Bull.com) during part of the period in which he provided services to defendant. Defendant denies the remaining allegations contained in paragraph 10 of plaintiff's complaint.

11. Defendant denies the allegations contained in paragraph 11 of plaintiff's complaint. Further answering, defendant states that plaintiff's name may have appeared on certain charts which reflected the names of individuals who performed certain duties for defendant.

12. Defendant denies the allegations contained in paragraph 12 of plaintiff's complaint.

13. Defendant admits that plaintiff, at various times while he provided services for defendant, worked in workgroups which may also have included employees of defendant. Defendant denies the remaining allegations contained in paragraph 13 of plaintiff's complaint.

14. Defendant denies the allegations contained in paragraph 14 of plaintiff's complaint.

15. Defendant admits the allegations contained in paragraph 15 of plaintiff's complaint.

16. Defendant denies the allegations contained in paragraph 16 of plaintiff's complaint.

17. Defendant denies the allegations contained in paragraph 17 of plaintiff's complaint.

18. Defendant admits the allegations contained in paragraph 18 of plaintiff's complaint.

19. Defendant denies the allegations contained in paragraph 19 of plaintiff's complaint.

20. Defendant denies the allegations contained in paragraph 30 of plaintiff's complaint.

21. Defendant admits that plaintiff was not paid for vacation and other forms of leave. Defendant denies the remaining allegations contained in paragraph 21 of plaintiff's complaint.

22. Defendant denies the allegations contained in paragraph 22 of plaintiff's complaint.

23. Defendant denies the allegations contained in paragraph 23 of plaintiff's complaint.

24. Defendant believes, to the best of its knowledge, that plaintiff personally rendered services to Bull. Therefore, defendant admits the allegations contained in paragraph 24 of plaintiff's complaint.

25. Defendant admits the allegations contained in paragraph 25 of plaintiff's complaint.

26. Defendant admits the allegations contained in paragraph 26 of plaintiff's complaint.

27. Defendant denies the allegations contained in paragraph 27 of plaintiff's complaint.

28. Defendant denies the allegations contained in paragraph 28 of plaintiff's complaint.

29. Defendant denies the allegations contained in paragraph 29 of plaintiff's complaint.

30. Defendant admits that plaintiff was compensated on an hourly basis. Defendant denies the remaining allegations contained in paragraph 30 of plaintiff's complaint.

31. Defendant denies the allegations contained in paragraph 31 of plaintiff's complaint.

32. Defendant denies the allegations contained in paragraph 32 of plaintiff's complaint.

33. Defendant admits that during the relevant time period it maintained compensation and benefit plans, agreements and programs which were available to persons classified as "employees". Defendant denies the remaining allegations contained in paragraph 33 of plaintiff's complaint. Further answering, defendant states that the terms of defendant's benefit plans and programs speak for themselves.

34. Defendant denies the allegations contained in paragraph 34 of plaintiff's complaint.

35. Defendant denies the allegations contained in paragraph 35 of plaintiff's complaint.

36. Defendant denies the allegations contained in paragraph 36 of plaintiff's complaint.

37. Defendant denies the allegations contained in paragraph 37 of plaintiff's complaint.

**COUNT I**
**BREACH OF FIDUCIARY DUTY**

38. Defendant restates its responses to paragraphs 1 through 37 of plaintiff's complaint.

39. Defendant admits that it and its predecessors in interest acted as Plan Sponsor and a named fiduciary of a pension plan, 401(k) savings plan, and certain health and welfare plans for some or all of the period from 1979 through 2001. The final two sentences of paragraph 39 of plaintiff's complaint contain statements of law to which no response is required. To the extent those sentences contains allegations of fact, such allegations are denied.

40. Defendant denies the allegations contained in paragraph 40 of plaintiff's complaint.

**COUNT II**

**UNLAWFUL INTERFERENCE WITH ATTAINMENT OF ERISA BENEFITS**

41. Defendant restates its responses to paragraphs 1 through 40 of plaintiff's complaint.

42. Defendant denies the allegations contained in paragraph 42 of plaintiff's complaint.

43. Defendant denies the allegations contained in paragraph 43 of plaintiff's complaint.

44. Defendant denies the allegations contained in paragraph 44 of plaintiff's complaint.

**COUNT III**
**STATE LAW CLAIMS REGARDING NON-ERISA BENEFITS**

45. Defendant restates its responses to paragraphs 1 through 44 of plaintiff's complaint.

46. Defendant denies the allegations contained in paragraph 46 of plaintiff's complaint.

47. Defendant denies the allegations contained in paragraph 47 of plaintiff's complaint.

**COUNT IV**
**VIOLATION OF THE FEDERAL INSURANCE CONTRIBUTIONS ACT, 26 U.S.C. SECTION 3101, ET SEQ., AND THE FEDERAL UNEMPLOYMENT TAX ACT, 26 U.S.C. SECTION 3301, ET SEQ., UNJUST ENRICHMENT AND CONVERSION**

48. Defendant restates its responses to paragraphs 1 through 47 of plaintiff's complaint.

49. Defendant denies the allegations contained in paragraph 49 of plaintiff's complaint.

50. Defendant denies the allegations contained in paragraph 50 of plaintiff's complaint.

51. Defendant denies the allegations contained in paragraph 51 of plaintiff's complaint.

**COUNT V**
**CONDITIONAL CLAIM FOR RETROACTIVE BENEFITS UNDER ERISA PLANS**

52. Defendant restates its responses to paragraphs 1 through 51 of plaintiff's complaint.

53. No response is required to paragraph 53 of plaintiff's complaint. To the extent that paragraph 53 of plaintiff's complaint contains allegations of fact, such allegations are denied.

54. Defendant admits the allegations contained in paragraph 54 of plaintiff's complaint. Further answering, defendant states that it maintains not one "Health and Welfare Plan" but several health and welfare plans.

WHEREFORE, defendant prays:

(1) That plaintiff's complaint be dismissed;

(2) That defendant be awarded the costs of this action; and

(3) That defendant be awarded such other and further relief as the court deems appropriate.

BULL HN INFORMATION SYSTEMS INC.

By /s/ Laurence Donoghue
Laurence J. Donoghue
BBO No. 130140
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
Tel: (617) 523-66666

Dated: December 22, 2004

CERTIFICATE OF SERVICE

I certify that on this 22nd day of December, 2004 I served a copy of the above answer to complaint by first class mail, postage prepaid upon plaintiff's counsel: Howard I. Wilgoren, Esq., 179 Union Avenue, Framingham, MA 01702.

/s/ Laurence Donoghue
Laurence J. Donoghue