## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                    )
**WILLIAM J. GAVIN,**               )
                                    )
      **Plaintiff,**               )
                                    )                    **Civil Action No. 04-12207-GAO**
**v.**                              )
                                    )
**BULL HN INFORMATION**             )
**SYSTEMS INC.,**                   )
      **Defendant.**               )
_____)


## MOTION OF DEFENDANT
## BULL HN INFORMATION SYSTEMS INC.
## FOR SUMMARY JUDGMENT

Defendant Bull HN Information Systems Inc. ("Defendant" or "Bull") hereby

moves this Court pursuant to Fed. R. Civ. P. 56 for summary judgment on the counts of

the Complaint and Demand for Jury Trial ("Complaint") filed by the plaintiff in this

matter, William J. Gavin ("Plaintiff" or "Gavin").  In his Complaint, Gavin alleges that

Bull misclassified him as an independent contractor rather than an employee, and thus

wrongfully caused him to be denied "certain enumerated benefits."  (Pl.'s Compl. at

Paragraph entitled "Nature of the Action.")  Specifically, Gavin asserts the following

causes of action against Bull: (1) breach of fiduciary duty under the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104; (2) unlawful interference

with attainment of ERISA benefits, 29 U.S.C. § 1140; (3) violation of the Massachusetts

Payment of Wages Statute, M.G.L. c. 149, § 148; (4) breach of contract; (5) violation of

the implied covenant of good faith and fair dealing; (6) unjust enrichment; (7) negligent

and/or intentional misrepresentation; (8) conversion; (9) violation of the Federal

Insurance Contribution Act ("FICA"), 26 U.S.C. § 3101, et seq.; and (10) violation of the Federal Unemployment Tax Act ("FUTA"), 26 U.S.C. § 3301, et seq.

As grounds for this Motion, and as set forth more fully herein, Bull states that judgment should enter for Bull as a matter of law because the undisputed facts reveal that all of Gavin's claims are time-barred. The facts are undisputed that Gavin was aware of his status as an independent contractor, as well as the consequences of that status, in 1979; twenty-five years before he initiated this action. Therefore, Gavin failed to commence the instant action within the various statutes of limitations governing his claims and they must be dismissed.

Moreover, Gavin's FICA and FUTA claims must fail as a matter of law because those statutes do not expressly or impliedly provide individuals with private rights of action. Even assuming, *arguendo*, that Gavin's claims were timely brought, Gavin is equitably estopped from arguing that Bull misclassified him as an independent contractor since Bull offered to convert Gavin to employee status on two separate occasions, which offers Gavin declined. Lastly, Gavin's breach of fiduciary duty claim under ERISA must fail on the further grounds that there is no evidence in the record whatsoever to support such a claim.

Respectfully submitted,

BULL HN INFORMATION SYSTEMS INC.


By: _____/s/ Mary Jo Harris_____
Laurence J. Donoghue (BBO No. 130140)
Mary Jo Harris (BBO No. 561484)
Daniel F. McCabe, Jr. (BBO No. 661096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109

Tel: (617) 523-6666

Dated:     May 31, 2006

## CERTIFICATE OF SERVICE

I, Mary Jo Harris, hereby certify that the foregoing document was filed through the ECF system on May 31, 2006, and that a true paper copy of this document was sent to those indicated as non registered participants on the Notice of Electronic Filing on May 31, 2006 by first class mail.  I further certify that a courtesy copy of the foregoing document was served on May 31, 2006 by first class mail upon plaintiff's counsel: Howard I. Wilgoren, Esq., 6 Beacon Street, Boston, MA, 02109.

Dated: May 31, 2006                               _____/s/ Mary Jo Harris_____
                                                  Mary Jo Harris