UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                        )
WILLIAM J. GAVIN,                         )
                                                        )
    Plaintiff,                                   )
                                                        )   Civil Action No. 04-12207-GAO
                                                        )
v.                                                      )
                                                        )
BULL HN INFORMATION              )
SYSTEMS INC.,                                )
    Defendant.                                )
_____)

**PLAINTIFF' WILLIAM J. GAVIN'S CONCISE STATEMENT
OF   DISPUTED MATERIAL FACTS IN SUPPORT OF THE
<u>OPPOSITON TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff William J. Gavin (Hereinafter, "Gavin") hereby submits in opposition to Defendant Bull HN Systems Inc., (Hereinafter, "Bull" or "Defendant") Motion for Summary Judgment the following material facts of record as to which there exists a genuine issue to be tried, pursuant to L.R.D. 56.1;

**A.**    <u>**Response to Defendant's Concise Statement of Material Facts Not in Dispute**</u>

1.    Gavin admits that there is no issue of material fact of record with respect to paragraphs 1 - 19, and 23 – 25 of Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

2.    With respect to paragraph 16 of Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment while the statement is true as stated, all such work was performed outside of Gavin's work hours at Bull which consisted of eight hours per day, five days per week. , either during lunch,

1

at night or on the weekend. (Gavin Deposition ("Dep") 207 – 209, a true copy of which is annexed hereto as "Exhibit 1").

    3.    Gavin denies the statement of fact set forth in paragraph 20 of Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment. Gavin never received a firm offer from Linda Nidle to become an employee of Defendant in 1991 or any other time. Nidle never told Gavin that if he accepted an offer to become an employee he would receive benefits. (Affidavit of William J. Gavin ("Gavin Affidavit") ¶ 6, a true copy of which is annexed hereto as Exhibit 2). Shortly after the prospect of becoming an employee was mentioned by Nidle she was laid off at the same time as Defendant was conducting a companywide layoff including the elimination of approximately one half of the jobs in the Communication Department where Gavin worked. (Gavin Affidavit ¶ 7).

    4.    Gavin denies the statement of fact set forth in paragraph 21 of Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment. Gavin states that neither Nidle nor any other representative of Defendant ever told him that he would receive benefits if he became an employee of defendant. (Gavin Affidavit ¶ 6, Dep, 114 -117).

    5.    Gavin denies the statement of fact set forth in paragraph 22 of Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment. Gavin was never received a firm offer to become an employee of Defendant in 1991 from Nidle or any at any other time. by any other representative of Defendant. (Gavin Affidavit ¶ 6, 7).

    6.    Gavin denies the statement of fact set forth in paragraph 26 of

Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.  Lavash casually mentioned the prospect of Gavin working for the contingent workforce division on one occasion as he was heading out the door. (Gavin Affidavit ¶ 9).

      7.    Gavin denies the statement of fact set forth in paragraph 27 of Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.   For the entire time Gavin was employed by Bull Defendant engaged in a course of conduct designed to intentionally mischaracterize him as an in dependent contractor.  Gavin was at all times an employee of Defendant. Defendant first directed Gavin to be employed by a third party. Defendant designated Gavin's status as an independent contractor. Defendant created Gavin's business and created the name of the business, "Gavin Associates."  Defendant was fully aware of the legal requirement for correctly classifying individuals as employees rather than independent contractors. Defendant had an "Independent contractors and Consultants" policy. Defendant did not provide Gavin with a w-2 or 1099 form. Defendant continued to classify Gavin as an independent contractor rather than an employee despite the uncontroverted fact that Gavin should have been classified as an employee by Defendant.  (Dep. 18-19, 57-58, 64-67, Complaint ¶ 6-32, Plaintiff's Answers to Interrogatories Response Number 3, 6, 12, 14, 19,  a true copy of which is annexed to Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment as Exhibit 2, Gavin Affidavit  ¶ 2 -13).

      8    Gavin denies the statement of fact set forth in paragraph 28 of Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion

for Summary Judgment. For the entire time Gavin was employed by Bull Defendant engaged in a course of conduct designed to intentionally mischaracterize him as an in dependent contractor. Gavin was at all times an employee of Defendant. Defendant first directed Gavin to be employed by a third party. Defendant designated Gavin's status as an independent contractor. Defendant created Gavin's business and created the name of the business, "Gavin Associates." Defendant was fully aware of the legal requirement for correctly classifying individuals as employees rather than independent contractors. Defendant had an "Independent contractors and Consultants" policy. Defendant did not provide Gavin with a w-2 or 1099 form. Defendant continued to classify Gavin as an independent contractor rather than an employee despite the uncontroverted fact that Gavin should have been classified as an employee by Defendant. (Dep. 18-19, 57-58, 64-67, Complaint ¶ 6-32, Plaintiff's Answers to Interrogatories Response Number 3, 6, 12, 14, 19, a true copy of which is annexed to Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment as Exhibit 2, Gavin Affidavit ¶ 2 -13).

9.   Gavin denies the statement of fact set forth in paragraph 29 of Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment. For the entire time Gavin was employed by Bull Defendant engaged in a course of conduct designed to intentionally mischaracterize him as an in dependent contractor. Gavin was at all times an employee of Defendant. Defendant first directed Gavin to be employed by a third party. Defendant designated Gavin's status as an independent contractor. Defendant created Gavin's business and created the name of the business, "Gavin Associates." Defendant was fully aware of the legal

requirement for correctly classifying individuals as employees rather than independent contractors. Defendant had an "Independent contractors and Consultants" policy. Defendant did not provide Gavin with a w-2 or 1099 form. Defendant continued to classify Gavin as an independent contractor rather than an employee despite the uncontroverted fact that Gavin should have been classified as an employee by Defendant. (Dep. 18-19, 57-58, 64-67, Complaint ¶ 6-32, Plaintiff's Answers to Interrogatories Response Number 3, 6, 12, 14, 19, a true copy of which is annexed to Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment as Exhibit 2, Gavin Affidavit ¶ 2 -13).

    10.    Gavin denies the statement of fact set forth in paragraph 30 of Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment. For the entire time Gavin was employed by Bull Defendant engaged in a course of conduct designed to intentionally mischaracterize him as an in dependent contractor. Gavin was at all times an employee of Defendant. Defendant first directed Gavin to be employed by a third party. Defendant designated Gavin's status as an independent contractor. Defendant created Gavin's business and created the name of the business, "Gavin Associates." Defendant was fully aware of the legal requirement for correctly classifying individuals as employees rather than independent contractors. Defendant had an "Independent contractors and Consultants" policy. Defendant did not provide Gavin with a w-2 or 1099 form. Defendant continued to classify Gavin as an independent contractor rather than an employee despite the uncontroverted fact that Gavin should have been classified as an employee by Defendant. (Dep. 18-19,57-58,64-67, Complaint ¶ 6-32, Plaintiff's Answers to

Interrogatories Response Number 3, 6, 12, 14, 19, a true copy of which is annexed to Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment as Exhibit 2).

B.   **Concise Statement of Material Facts In Dispute**

11.   From 1978 – 2002 all of the work performed by Gavin for Defendant was as an employee. (Dep. 18-19, 57-58, 64-67, Complaint ¶ 6-32, Plaintiff's Answers to Interrogatories Response Number 3, 6, 12, 14, 19, a true copy of which is annexed to Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment as Exhibit 2).

12.   When Gavin returned to work for Defendant in 1979 he performed the same work as when he was previously employed by Defendant. (Plaintiff's Answers to Interrogatories Response Number 3, 6, 12, 14, 19).

13.   Defendant's agent John Haskell, who was Gavin's supervisor in 1979 directed Gavin to work for Defendant as an employee of Sullivan & Cogliano. (Dep. 64 – 66)

14.   Defendant's agent John Haskell designated Gavin as an independent contractor and created Gavin Associates (Dep. 18 -19, 57 -58).

15.   Gavin continued to work for Defendant until the middle of the year 2002. (Dep. 80 -81).

16.   Gavin first became aware that he was misclassified as an independent contractor rather than an employee in November 2001. (Dep. 108), Gavin Affidavit ¶ 12.)

17.   Gavin was first informed by Defendant that it was denying his request to

be reclassified as an employee and provided with all employee benefits due him on March 18, 2002.  Gavin Affidavit ¶ 13).

18. Kurt Thelan, an employee in Defendant's Human Resources Department told Gavin that it would be no problem at all to put Gavin in the retirement plan right away when they met in February 2002.  (Dep. 133),

19. Gavin did not have any discussion with his supervisor Mr. Lavash about becoming employed in the contingent workforce division. (Dep. 142 - 143).

20. Gavin was assigned a telephone and his own extension, work space, an e – mail address, a computer, was paid on the same basis as other employees, submitted time sheets like other employees, and received work assignments in the same manner as other Graphic Artists employed by Defendant as Employees. (Dep. 146, 154 – 156, 160 – 162, 168 – 170, 173 - 174, 217 - )

21. Gavin was required to attend staff meetings with other employees of the Graphics Department including meetings discussing employee benefits. (Dep. 203-205),

22. Gavin had a telephone extension provided to him by Defendant and was listed in Defendant's employee directory. (Dep. 216),

    Respectfully submitted,

    **WILLIAM J. GAVIN**
    By His Attorney,


    s/Howard I. Wilgoren
    Howard I. Wilgoren,
    6 Beacon St., Suite 700
    Boston, MA 02108
    (617) 523 - 5233
    BBO No.  527840

Dated: June 30, 2006

## CERTIFICATE OF SERVICE

      I, Howard I. Wilgoren, certify that on June 30, 2006 the foregoing document was filed through the ECF system and a paper copy was sent to those indicated as non registered participants on the Notice of Electronic Filing on June 30, 2006.


                                            s/Howard I. Wilgoren
                                            Howard I. Wilgoren


Dated: June 30, 2006