UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
WILLIAM J. GAVIN,                   )
                                    )
    Plaintiff,                      )
                                    )    Civil Action No. 04-12207-GAO
                                    )
v.                                  )
                                    )
BULL HN INFORMATION                 )
SYSTEMS INC.,                       )
    Defendant.                      )
_____)

**PLAINTIFF' WILLIAM J. GAVIN'S MEMORNADUM IN SUPPORT OF HIS OPPOSITON TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**1.  INTRODUCTON**

    Plaintiff William J. Gavin (Hereinafter, "Gavin") hereby submits this memorandum in opposition to Defendant Bull HN Systems Inc., (Hereinafter, "Bull" or "Defendant") Motion for Summary Judgment on all counts of the Complaint.  In the Complaint Gavin alleges that Defendant Bull misclassified him as an independent contractor when he should have been classified as a statutory employee and as a result denied him certain employee benefits including health insurance, pension, vacation and other employee related benefits. In addition because of the misclassification Gavin was forced to pay the full amount due for social security and Medicare benefits, one – half of which would have been paid by Bull had it not improperly engaged in a course of conduct that resulted in his misclassification as an independent contractor rather than an employee for purposes of ERISA and other benefits.

In particular the Complaint alleges that by engaging in the course of conduct that misclassified Gavin as an independent contractor rather than an employee, Bull violated its fiduciary duty as set forth in 29 U.S.C. § 1104(a) (Count 1); engaged in unlawful interference with attainment of ERISA benefits in violation of 29 U.S. C. § 1024(b)(3), 29 U.S.C. § 1025(a) and (c), and 29 U.S.C. 1022  (Count 2); failed to pay wages in violation of  the  Massachusetts payment of Wage Law, G.L. c. 149 § 148, breach of contract, violation of the implied covenant of good faith and fair dealing, unjust enrichment, and negligent and/or intentional misrepresentation (Count 3);  failure to make certain tax payments in violation of the Federal Insurance Contribution Act and the Federal Unemployment Tax Act. Defendant Bull also was unjustly enriched and unlawfully converted property and money belonging to Gavin (Count 4) and; a conditional claim for full payment of retroactive benefits (Count 5).

Contrary to the assertions made by Defendant the claims raised herein are not barred as a matter of law as untimely. As a result of defendant's course of conduct it purposefully and fraudulently concealed its misclassification of Gavin as an independent contractor. As a result of Defendant's conduct Gavin did not discover that he was misclassified as an independent contractor and the consequences of that unlawful action until November 2001.  Based on the foregoing, the assertions made in the complaint are timely under either a three or six year statute of limitations.

Moreover, while the claims brought pursuant to FICA and FUTA may fail as those statutes do not expressly provide for a private right of action, the effect of Defendant's violation of those statutes upon Gavin which are manifested in payment of taxes which should have been paid by Defendant,, are recoverable on the theory of unjust

enrichment.. Defendant's contention that Gavin is equitably estopped from arguing that he was misclassified as an independent contractor because they offered to convert him to employee status is unavailing. Defendant is under an obligation at all times to properly classify an individual as an employee. Defendant continued to misclassify Gavin as an independent contractor long after it offered to convert him to employee status. The offers of employment do not absolve Defendant from its subsequent misclassification of Gavin as an independent contractor rather than an employee.

II. **FACTS**

Gavin hereby incorporates and makes reference to Plaintiff William J. Gavin's Concise Statement of Disputed Material Facts in Support of the Opposition to Defendant's Motion for Summary Judgment, Pursuant to L.R. 56.1 ("SDMF").

III. **ARGUMENT**

A. **STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of showing that there is no issue with respect to any genuine fact. Council of Ins. Agents & Brokers v. Juarbe Jimenez, 443 F. 3d 103, 107 (1st Cir. 2006). Once the moving party has established that there are no genuine issues of material fact to be tried, the burden shifts to the non – moving party to raise triable issues of fact. See id.

To be a "genuine" issue of material fact "the evidence relevant to the issue, viewed in the light most flattering to the party opposing the motion, must be sufficiently open – ended to permit a rational factfinder to resolve the issue in favor of either side. " National Amusements, Inc., v. Town of Dedham, 43 F. 3d 731 (1st Cir. 1995).

**B.    PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE APPLICABLE STATUTE OF LIMIATIONS**

1.    Gavin's ERISA Claims Are Not Time - Barred

The purpose of the Employee Retirement Income Security Act ("ERISA") is to insure that those charged with the administration of employee benefit plans to set minimum standards for participation, funding, vesting, benefit accrual and funding. One principal goal of ERISA was to provide a uniform plan administration protocol to guide employers in administering plans and paying benefits. Egelhoff v. Egelhoff, 532 U.S. 141, 148 (2001).

Despite the protections afforded by ERISA many employers have unlawfully misclassified their workers as independent contractors rather than as employees. The incentive to the employer is avoidance of payroll taxes they would pay if the worker was classified as an employee. The misclassification of the employee as an independent contractor also results in massive savings to the employer in terms of benefit costs, including health and pension contributions that are avoided.

"Official projections indicate that misclassification will reduce federal tax revenues by between $2.5 billion and $4.7 billion annually between 1996 and 2004." U.S. General Accounting Office, Pub. No. GAO\GSD – 89 0 107. "Many large corporations have increasingly adopted the practice of hiring … independent contractors to avoid payment of employee benefits, thereby increasing their profits." Employment

4

Coordinator Benefits, §45:47 (2004).

In the instant case there are certainly substantial material facts in dispute to allow a factfinder to conclude that Defendant engaged in a course of conduct designed to improperly misclassify Gavin as an independent contractor rather than an employee over the course of his twenty three years of employment. These facts when taken as a whole establish a pattern of fraud and/or concealment and therefore the applicable statute is six years "from the date the plaintiff discovers the breach." 29 U.S.C. §1113(2); Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 118 (1st Cir. 2002).

The material facts in dispute establish that Defendant engaged in a course of conduct to improperly classify Gavin as an independent contractor rather than as an employee and such facts establish a pattern of fraud and/or concealment. Indeed, a review of Defendant's pleadings in connection with the instant motion establishes that for purposes of the instant motion, it is not challenging the conclusion that it improperly misclassified Gavin as an independent contractor rather than as an employee. (See also (Plaintiff's SMDF at ¶ 7 – 10, 20 – 22 Gavin Affidavit at ¶ 2).

Gavin worked as an employee performing graphic arts duties as an employee from 1975 – 1979 (Defendant's SUMF at ¶ 3) Gavin resumed his employment with Defendant in 1979. All of the work performed by Gavin during the entire time of his employment from 1978 – 2002 was as an employee. Gavin performed the same work when he returned to work as he was previously performing as an employee before he left Defendant's employ. (Plaintiff's SMDF at ¶ 12)

Gavin's supervisor before and after his return to work for Defendant was John Haskell. When Gavin returned to work Haskell directed that he work for Sullivan and

5

Cogliano a third party provider of employment services. (Defendant's SUMF at ¶ 6). Gavin was directed to work for Sullivan & Cogliano by Haskell. (Plaintiff's SMDF at ¶ 13).

After one year Haskell told Gavin that he would be designated as an independent contractor. Haskell even created the trade name of "Gavin Associates" under which Gavin was to operate. (Plaintiff's SMDF at ¶). Defendant never provided Gavin with a w-2 tax form by which he could learn he was an employee or a form 1099 so that he would be on notice that Defendant was classifying him as an independent contractor at any time during the course of his employment. (Gavin Affidavit at ¶ 3 -4).

Defendant did not advise Gavin of the consequences of his misclassification as an independent contractor at any time. (Gavin Affidavit at ¶ 6).

Gavin was further lulled into believing that he was an independent contractor when a subsequent supervisor stated that he should not worry about being laid off because he "didn't show up on the books." (Gavin Affidavit at ¶ 8)

Defendant is a very large company and has a full human resources department charged with compliance with employment related laws. Among the myriad of personnel policies generated by Defendant is a policy entitled "Independent Contractors and Consultants."  That policy provides in relevant part that "It is Company policy to comply[1] with the Internal Revenue Service's regulations regarding the retention of Independent Contractors." The policy further provides,

> It may be advantageous to consider the use of an
> independent contractor, rather than hiring of an employee
>
> …

---

[1]  There is no evidence on the record which would establish that Defendant make any effort to comply with its own policy let alone the IRS Guidelines for determining employee status.

>> Former Company employees, including retirees may not be retained as independent contractors or consultants –unless they represent an incorporated entity.[2]

The policy goes on to provide that

> "To avoid significant tax penalties former employees, (such as Gavin) …may be retained by using one of the following alternatives:
>
> 1. Hire the individual as a temporary employee and make appropriate withholding.
>
> 2. Contract with another company to obtain the needed service. (In this situation the payment for services is made to the other company, not to the individual.

(Gavin Affidavit at ¶ 11, 10).

It is clear that Defendant not only violated federal law by misclassifying Gavin as an independent contractor rather than as an employee, but Defendant also violated its own policy on the subject. Had Defendant properly applied its own policy and the law pertaining to classification of individuals as employees Gavin would have received the employee benefits to which he was entitled.

The material facts set forth above, amply support a conclusion that Defendant engaged in a course of conduct to improperly classify Gavin as an independent contractor rather than as an employee and such facts establish a pattern of fraud and/or concealment. Given the foregoing, Plaintiff agrees with Defendant that the critical question is when the six year statute of limitations commences to run. It is submitted that the six year period does not begin to run until Gavin had actual knowledge of the fraudulent conduct engaged in by Defendant by impermissibly classifying him as an

---

[2] It is undisputed that Gavin never represented any corporate entity. (Gavin Dep. at page 19.

independent contractor rather than an employee.

Gavin did not learn that he was improperly classified as an independent contractor until November 2001. (Plaintiff's SMDF at ¶ 16). Defendant denied Gavin's request to be reclassified as an employee on March 18, 2002. (Plaintiff's SMDF at ¶ 17)

The instant case is distinguishable from the decision of the First Circuit in Edes v. Verizon, 417 F. 3d 133 (1st Cir. 2005). In Edes, the individuals involved were at all times classified as employees by the Defendant, albeit employees of a third party entity. The conduct of Defendant in Edes which occurred at the outset of the plaintiff's employment was straightforward and direct. Here, by contrast, the Defendant engaged in a myriad of machinations designed to obfuscate Gavin's status. Under these circumstances the decision in Edes is inapposite. Gavin with reasonable diligence could not and did not gain actual knowledge of the Defendant's misclassification of him as an independent contractor *and* the significance of that misclassification, until November 2001. That misclassification was not confirmed by Defendant until March 18, 2002.

Here Gavin did not know "the essential facts of the transaction or conduct constituting the violation," Martin v. Consultants & Adm'rs, 966 F. 2d 1078, 1086(7th Cir. 1992) cited with approval in Edes. The mere knowledge that "something was awry" does not always mean that there is actual knowledge of a violation."  Edes, *supra*, at 142. Defendant by its conduct from placing him with Sullivan & Cogliano, to classifying him as an independent contractor in violation of federal law and its own policy, to selecting the name under which Gavin was to operate and failure to provide him with either a w-2 or 1099 form all establish a course of conduct that precluded Gavin from discovering the essential facts of the transaction or conduct constituting the violation.

Gavin discovered the Defendant's violation in November 2001. He brought the instant claim in October 2004. The claim is clearly timely based on the six year statute of limitations period set forth in 29 U.S.C. §1113(2).

Defendant contends that an offer to convert to employee status in 1991 made by his then supervisor Linda Nidle put him on notice of his claim Is unavailing. Defendant further contends that Ms. Nidle told him this was a way he could become eligible for benefits. The facts concerning this transaction are in dispute. Gavin maintains that he never received a firm offer from Linda Nidle to become an employee of Defendant in 1991 or at any other time. Moreover, Gavin denies that Ms. Nidle told him he would receive benefits if he accepted this offer. Significantly, shortly after this discussion Nidle was laid off as part of a major layoff conducted by the Defendant. Including reduction by half the number of employees in the Communications Department where Gavin worked. (Gavin Affidavit at ¶ 6, 7).

### 2. Gavin's State Law Claims Were Timely Filed

Gavin alleges various state law claims including violation of the payment of wage statute, negligent and/or intentional misrepresentation and conversion. These claims are governed by a three year statute of limitations. The claims for breach of contract, unjust enrichment, and violation of the implied covenant of good faith and fair dealing are governed by a six year statute of limitations. All of these claims were timely filed.

"The general rule is that a contract action accrues at the time the contract is breached <u>Berkshire Mutual Ins. Co</u>., v. <u>Burbank,</u> 422 Mass 659, 661, 664 N.E.2d 1188 (1996). However, the statute will be extended '[i]f a person liable to a personal action fraudulently conceals the cause of action from the knowledge of the person

9

entitled to bring it….' G.L. c. 260, § 12." <u>Micromuse, Inc., v. Micromuse, PLC</u>, 304 F. Supp. 202, 209 (D. Mass. 2004).

As set for the above the pattern of conduct engaged in by Defendant to fraudulently and/or to conceal facts necessary for Gavin to discover his rights. It was not until November 2001 that Gavin leaned that Defendant had engaged in a continuous pattern of misclassifying him as an independent contractor rather than as an employee. It was not until this time that Gavin gained actual knowledge of Defendant's actions and the consequences to him. Accordingly, the Complaint brought less than three years later is clearly timely.

### C. GAVIN IS NOT ESTOPPED FROM RAISING CLAIMS BASED ON HIS STATUS AS AN INDEPENDENT CONTRACTOR

Defendant contends that Gavin is equitably estopped from asserting any liability on the part of Bull for any damages from 1991 forward that may have been caused by being misclassified as an independent contractor. Defendant argues that because it offered to convert Gavin to an employee on two separate occasions he can not now claim damages for such misclassification after the date the "offers" were made.

It is submitted that there are material facts in dispute which defeat Defendant's attempts to set forth an estoppel claim. Gavin contends that Defendant never made definitive offers to convert him to employee status. (See (Plaintiff's SMDF at ¶ 19, (Gavin Affidavit at ¶ 8 -9). There is a substantial and material factual dispute as to whether Bull offered to make Gavin an employee and provide him with benefits.

Moreover, contrary to Defendant's contention even assuming *arguendo* that Gavin stated that he desired to remain as an independent contractor, (which Gavin

denies) this purported representation does not absolve Defendant of its continuing obligation to properly classify individuals who are employees as such pursuant to federal law. See: Nationwide Mutual Insurance Company v. Darden, 503 U.S. 318 (1992) Notwithstanding any purported acquiescence by Gavin, Defendant is not relieved of its obligation to comply with the law and properly classify him as an employee.

Nor has Bull suffered any detriment in reliance on any purported representation made by Gavin, It has only gained from the entire process from beginning to end. It avoided paying FICA and FUTA taxes; It avoided paying benefits on behalf of Gavin. Had Defendant acted properly from the outset of this relationship and properly classified Gavin as an employee this matter would not be before the Court. The only detriment that has been suffered here is that suffered by Gavin.

### D. PLAINTIFF HAS ALLEGED A SUFFICIENT BREACH OF FIDUCIARY DUTY CLAIM

As noted by Defendant Gavin also claimed breach of fiduciary duty by Defendant's failure to provide him with pertinent documents relating to Bull's ERISA benefit plans. As fully set forth above Gavin has presented sufficient facts that raise a genuine issue with respect to establishing that Defendant aced in "bad faith, active concealment or fraud with respect to its misclassification of him as an independent contractor when he was, for twenty – two years patently an employee of Defendant.

Similarly, the actions engaged in by Defendant as set forth above establish a plan to continuously misrepresent and mischaracterize Gavin's status as an independent contractor to cause him to believe he was not entitled to employment benefits. If Gavin returned to work as an independent contractor not entitled to benefits

it was only because that is what representatives of Defendant misrepresented to him by virtue of the undeniably incorrect classification of him as an independent contractor rather than an employee. (Plaintiff's SMDF at ¶ 7 -10, 11 14, (Gavin Affidavit at ¶ 2 -5, 12).

## CONCLUSION

For all of the foregoing reasons it is respectfully requested that this Honorable Court deny Defendants Motion for Summary Judgment.

Respectfully submitted,

**WILLIAM J. GAVIN**
By His Attorney,


 s/Howard I. Wilgoren
Howard I. Wilgoren,
6 Beacon St., Suite 700
Boston, MA 02108
(617) 523 - 5233
BBO No.  527840

Dated: July 5, 2006

## CERTIFICATE OF SERVICE

I, Howard I. Wilgoren, certify that on July 5, 2006 the foregoing document was filed through the ECF system and a paper copy was sent to those indicated as non registered participants on the Notice of Electronic Filing on June 30, 2006.


s/Howard I. Wilgoren
Howard I. Wilgoren

Dated: July 5, 2006

12