**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WILLIAM J. GAVIN, )<br>)<br>    Plaintiff, )<br>) Civil Action No. 04-12207-GAO<br>v. )<br>)<br>BULL HN INFORMATION )<br>SYSTEMS INC., )<br>    Defendant. )<br>) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF**
**DEFENDANT BULL HN INFORMATION SYSTEMS INC.**
**FOR SUMMARY JUDGMENT**

Defendant Bull HN Information Systems Inc. ("Defendant" or "Bull") hereby submits this Reply Memorandum of Law in Support of its Motion for Summary Judgment. In submitting this Reply Memorandum, Bull seeks to respond to issues and arguments set forth in Plaintiff William Gavin's ("Plaintiff" or "Gavin") Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Opp'n Mem.") that Bull did not originally address in its Motion for Summary Judgment.

**ARGUMENT**

I.  **Plaintiff's Attempt to Distinguish the First Circuit's Decision in *Edes v. Verizon Communications, Inc.* is Unavailing.**

Bull submits that the First Circuit's decision in Edes v. Verizon Communications, Inc., 417 F.3d 133 (1st Cir. 2005), is controlling in the instant case and compels the conclusion that Gavin's ERISA claims are time-barred. Conversely, Gavin argues that Edes is distinguishable on the grounds that Bull "engaged in a myriad of machinations

designed to obfuscate Gavin's status." (Opp'n Mem. 8.) Such an argument, however, is entirely unsupported by the evidence and without merit.

As set forth in Bull's original Memorandum, the undisputed evidence plainly shows that Gavin had actual knowledge that Bull classified him as an independent contractor instead of an employee, and was fully aware of the consequences of that classification, in 1979 when he returned to work for Bull after a brief, voluntary hiatus from the company. Notably, Gavin does not dispute these facts in his Opposition papers. Indeed, Gavin "admits" in his Statement of Disputed Material Facts in Support of the Opposition to Defendant's Motion for Summary Judgment ("SDMF") that "there is no issue of material fact of record with respect to paragraphs 1-19, and 23-25 of [Bull's] Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment" ("SUMF"). (See SDMF at ¶ 1.) Gavin, therefore, admits that:

- "[He] understood in 1979 that Defendant considered him to be an independent contractor."

- "[He] understood that he was not considered an employee by Defendant in 1979, and consequently was not considered eligible for vacation time, participation in the company's health insurance program, or in its retirement benefits plans."

- "During the entire period that he performed services for the company, from 1979-2001, [he] understood that Defendant considered him an independent contractor and not an employee, and consequently did not deem him eligible for employment benefits."

- "[He] knew that by refusing the offer to be classified as an employee [in 1991], he would remain ineligible for employee benefits."

(SUMF at ¶¶ 10, 15, 19, 23.) As such, there is absolutely no evidentiary support for Gavin's argument that the instant case is in any way factually distinguishable from the Edes decision, and thus Gavin's argument must be rejected.

**II.    Plaintiff Fails to Present Any Evidence to Support His Claims of Fraud and/or Concealment by Defendant.**

Gavin also repeatedly asserts throughout his Opposition Memorandum, albeit in conclusory fashion, that Bull engaged in a course of conduct with the purpose of fraudulently concealing his classification as an independent contractor and the consequences of that classification.  (See Opp'n Mem. 2, 5, 7, 8, 10-11.)  Contrary to Gavin's assertions, however, the record is completely devoid of any evidence that Bull took any action whatsoever to conceal from Gavin his classification as an independent contractor, or to mislead him to believe that his status was anything other than an independent contractor.  As set forth above, Gavin admits that he was fully aware that Bull considered him an independent contractor and that the consequence of that classification was that he was ineligible to receive employee benefits.  In the absence of any evidence of active concealment by Bull regarding Gavin's employment status, Gavin's unsupported assertions fail as a matter of law.  See Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 118 (1st Cir. 2002) (absent evidence of fraud or concealment plaintiff's ERISA breach of fiduciary duty claims were time-barred).

Gavin nevertheless attempts to bolster his accusations of fraud and concealment by Bull by introducing additional evidence not previously in the record through an affidavit sworn to by him.  (See Affidavit of William J. Gavin ("Gavin Aff.") annexed to Gavin's SDMF as Exhibit 2.)  This additional evidence, however, is unavailing in that it is wholly insufficient to support a finding of fraud or concealment by Bull.  Even assuming, *arguendo*, it is true that Bull never provided Gavin a 1099 form or gave him a firm offer in 1991 to become an "employee," those facts, without more, are insufficient to demonstrate that Bull engaged in a course of conduct designed to conceal its

classification of Gavin as an independent contractor.  See J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1255 (1st Cir. 1996), cert. denied, 519 U.S. 823.

Moreover, the reliability of the evidence set forth by Gavin in his affidavit is dubious at best.  In several instances the contents of Gavin's affidavit are directly contradicted by his own deposition testimony.  For example, although Gavin's affidavit states, "I never received a firm offer from Linda Nidle to become an employee of Defendant in 1991 or at any other time.  She never pursued the discussion with me.  She never told me if I accepted the offer to become an employee I would receive benefits," (Gavin Aff. at ¶ 6), he specifically testified at deposition that Nidle asked if he was interested in becoming an employee, had a follow up discussion with him in which he was given an offer with a specific hourly rate, and that he was aware benefits would attach if he became an employee:

> A: I was asked once to become an employee.
>
> Q: When was that?
>
> A: Exact date I'm not sure.  It was – Linda Nidle asked me.
>
> Q: Do you recall what she said?
>
> A: She wanted to know if I ever considered becoming an employee.
>
> Q: What did you respond?
>
> A: I said no, I hadn't.
>
> Q: Did she ask you at that time whether you were interested in becoming an employee?
>
> A: Yes, she did.

…

A: … The date is when this was billed or the PO was written, it was 4/23/91. So that's approximate.

Q: So your recollection is the [sic] '91?

A: '91.

Q: And you indicated you had a discussion in which Linda Nidle asked you if you're interested in becoming an employee?

A: Yes.

Q: And you said you'd like more information?

A: Yes.

Q: And you had a follow up discussion with Linda Nidle?

A: Yes.

…

Q: What happened in that discussion?

A: I was offered a pay less than I was making.

Q: To become an employee?

A: To become an employee.

Q: Was your understanding that if you became an employee, you would be eligible for employee benefits?

A: I would assume that.

Q: What were they offering to pay you?

A: 27 dollars an hour.

Q: What did you say?

5

        A:    I said no.

(Ex. 1 to SUMF at 114-117.)

For these reasons, Gavin fails to present sufficient evidence to support a finding of fraud and/or concealment by Bull, and thus Gavin's claims in that regard must be rejected.

**III.**    **<u>Plaintiff Misstates the Legal Standard for Determining When His State Law Claims Accrued.</u>**

Lastly, Gavin attempts to save his untimely state law claims by arguing that it was not until November 2001 that he "gained actual knowledge of Defendant's actions and *the consequences to him*." (Gavin Opp'n Mem. 10) (emphasis added). Similarly, Gavin complains elsewhere in his Opposition Memorandum that Bull "did not advise [him] of *the consequences* of his misclassification as an independent contractor at any time." (<u>Id.</u> at 6) (emphasis added).

To the extent Gavin argues that Bull's failure to inform him of the consequences of being classified an independent contractor tolls the statute of limitations on his state law claims, Gavin misstates the legal standard in Massachusetts for when state law causes of action accrue for statute of limitations purposes. It is well settled that "the statute of limitations begins to run even if [a] plaintiff does not know the full extent of his injuries." <u>Micromuse, Inc. v. Micromuse, PLC</u>, 304 F. Supp. 2d 202, 210 (D. Mass. 2004) (citing <u>Bowen v. Eli Lilly & Co.</u>, 408 Mass. 204, 207 (1990)). "This is because a plaintiff, once placed on notice of a potential harm, has a duty to investigate the cause and extent of his injury." <u>Micromuse, Inc.</u>, 304 F. Supp. 2d at 210 (citing <u>Doucette v. Handy & Harmon</u>, 35 Mass. App. Ct. 724, 726 (1994)). It is undisputed that Gavin had actual knowledge that Bull classified him as an independent contractor, thus it is entirely immaterial if it

6

were true that Bull had not informed Gavin about the consequences of that classification. However, Gavin also does not dispute that he was fully aware that the consequence of being an independent contractor was that he was ineligible to receive employee benefits.[1] Thus, Gavin had more knowledge of the facts underlying his claims than was necessary to trigger the running of the statute of limitations on his state law claims.

### IV.     Conclusion

For all the foregoing reasons, as well as those presented in Defendant's original Motion for Summary Judgment, Bull respectfully request that this Court find that no genuine issue of material fact exists on any of the claims set forth in Plaintiff's Complaint, and accordingly grant summary judgment in Bull's favor.

Respectfully submitted,

BULL HN INFORMATION SYSTEMS INC.

By: _____/s/ Mary Jo Harris_____
Laurence J. Donoghue (BBO No. 130140)
Mary Jo Harris (BBO No. 561484)
Daniel F. McCabe, Jr. (BBO No. 661096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
Tel: (617) 523-6666

Dated: July 18, 2006

---

[1] Gavin's argument to the contrary is entirely disingenuous.  Bull searches in vain to understand how Gavin can possibly claim that he was not aware of the consequences of being an independent contractor when his own wife, who was employed by Bull, received employee benefits from Bull because of her status as an "employee," whereas Gavin did not.  (SUMF at ¶ 17.)  Indeed, Gavin reaped the benefits of his wife's "employee" status in that he was covered by his wife's health insurance while she was employed by Bull. (Id.)

**CERTIFICATE OF SERVICE**

  I, Mary Jo Harris, hereby certify that the foregoing document was filed through the ECF system on July 18, 2006, and that a true paper copy of this document was sent to those indicated as non registered participants on the Notice of Electronic Filing on July 18, 2006 by first class mail.  I further certify that a courtesy copy of the foregoing document was served on July 18, 2006 by first class mail upon plaintiff's counsel: Howard I. Wilgoren, Esq., 6 Beacon Street, Boston, MA, 02109.

Dated: July 18, 2006              _____/s/ Mary Jo Harris_____
                         Mary Jo Harris