UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12207-GAO

WILLIAM J. GAVIN,
Plaintiff,

v.

BULL HN INFORMATION SYSTEMS INC.,
Defendant.

ORDER
October 31, 2006

O'TOOLE, D.J.

After hearing, the defendant's motion for summary judgment (dkt. no. 12) is GRANTED, substantially for the reasons set forth in the defendant's memorandum in support of the motion. The limitations period for the Employment Retirement Income Security Act ("ERISA") claims commenced when the plaintiff knew that he was not classified by the defendant as an employee and was, consequently, not receiving benefits to which employees were entitled, including participation in the ERISA plan. See Edes v. Verizon Commc'ns, Inc., 417 F.3d 133, 142 (1st Cir. 2005). That had occurred by 1991 at the latest, when the plaintiff learned that conversion in status from an independent contractor to an employee would bring him additional benefits, but with the trade-off of a reduced hourly rate. (See Gavin Dep. 114:1-117:4). Regardless of whether there was a firm offer of employee status, he clearly knew that as an independent contractor he was not entitled to benefits that he would be entitled to were he to become (again) an employee. Any claim that it was unlawful for the defendant to exclude him from participation in the plan on the basis of his independent

contractor status arose at that point. The longest available statute of limitations, six years, expired well before this action was commenced.

Although the plaintiff argues that the running of the limitations period should be tolled because of fraudulent concealment, he cannot point to facts in the record that would justify a conclusion that there was any such fraudulent concealment. There was no ambiguity about his situation. He was not considered an employee by the defendant, either for pay or benefit purposes, and he knew that.

Two final observations are necessary. To the extent that the plaintiff might have viable state law claims that were not preempted by ERISA, it is clear that any such claims are also barred by the expiration of the applicable limitations period, for substantially the same reasons. And lastly, the purported claims under the Federal Insurance Contributions Act and the Federal Unemployment Tax Act fail because neither statute provides for a private right of action by one in the plaintiff's circumstances.

The motion for summary judgment having been granted, judgment shall enter in favor of the defendant on all counts of the complaint.

It is SO ORDERED.


October 31, 2006                                    /s/ George A. O'Toole, Jr.
_____                    _____
DATE                                                        DISTRICT JUDGE